[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR JURY JUDGMENT
The plaintiff instituted the present action seeking to recover damages for injuries claimed to have been sustained when the defendant recommended and sold to the plaintiff, an undersized compression stocking. The First Count contains claims of negligence; the Second Count asserts a claim for loss of consortium; the Third Count alleges a claim for breach of an implied warranty; and the Fourth Count (labeled "Third Count:) asserts that the conduct of the defendant constitutes an unfair and deceptive trade practice in violation of General Statutes 43-110a et. seq. (CUTPA). The defendant has moved for a summary judgment on the Fourth Count, without submitting affidavits or other testimonial documents, on the grounds that the Fourth Count does not contain allegations of conduct which is unfair, immoral, unethical, unscrupulous or offensive to public policy. See such cases as A-G Foods. Inc. v. Pepperidge Farms, Inc.216 Conn. 200, 215-216 (1990). The defendant also claims that a single occurrence of an unfair trade practice does not give rise to a CUTPA violation.
The claims asserted by the plaintiff simply allege straight forward claims of negligence and breach of warranty which are not sufficient to raise a claim of conduct sufficient to establish a CUTPA violation. See, King v. AMS Interiors Inc., 4 Conn. L. Rptr. No. 13 327 (August 12, 1991) (Karazin, J.).
If the present motion were a Motion to Strike, granting the motion would leave the plaintiff free to file a new pleading pursuant to Practice Book 157. However the granting of a Motion for Summary Judgment will conclude all rights of the plaintiff to assert the claims mode in the Fourth (Third) count.
The plaintiffs, however, have not requested the right to amend the complaint and they have submitted an affidavit with respect to the factual basis for the claims asserted in the Fourth Count. While the affidavit tends to support the claims of negligence and CT Page 7166 breach of warranty, the affidavit does not establish a factual basis for a claim of an unfair trade practice under CUTPA.
With respect to the defendant's claim that a single act is insufficient to establish a cause of action under CUTPA, this court has held that an allegation of a single prohibited act sufficiently states a cause of action under CUTPA. Gaskin v. Levinson,7 CSCR 409 (April 6, 1992) (Rush, J.).
Accordingly, the Motion for Summary Judgment is granted.
RUSH, J.