[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION OF ELK CORPORATION TO STRIKE FIFTHCOUNT
The plaintiff, Valerie Seiling, filed a six-count complaint on June 4, 1996, naming as defendants John D'Esopo Company (D'Esopo) and Elk Corporation (Elk). The complaint alleges that D'Esopo, a construction and general contracting company, was hired to repair and replace Seiling's roof in 1990. D'Esopo ordered shingles from Elk, a shingles distributor based in Alabama. By the summer of 1995, the new shingles on Seiling's roof were breaking and falling off the roof, causing the roof to leak. The first count alleges that D'Esopo did not properly install the roof. The second to fourth counts, directed to Elk, allege a breach of Elk's express warranty against defects in the shingles, a breach of the express warranty in violation of General Statutes § 42a-2-313 (UCC), and a breach of the implied warranty of merchantability in violation of General Statutes § 42a-2-314 (UCC). The fifth count, directed to Elk alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b, based on Elk's violation of the express and implied warranties discussed in the third and fourth counts. The second through fifth counts further allege that Elk was notified of its breach of the named warranties, but failed to remedy the breach. The sixth count raises a similar CUTPA claim against D'Esopo. CT Page 9584
On July 17, 1996, Elk filed this motion to strike Seiling's fifth count of the complaint along with the claim for punitive damages and attorney's fees, alleging that Seiling failed to allege facts sufficient to state a violation of CUTPA and failed to allege a general practice or course of conduct as required by CUTPA.
On August 13, 1996, Seiling filed an amended complaint, without objection, to correct numbering errors in the fifth count of her original complaint, and by agreement of the parties, Elk's motion to strike, is now directed to Seiling's amended complaint.
— I —
Elk in its motion to strike, asserts that allegations of a breach of statutory warranties alone are not sufficient to support a CUTPA cause of action, and furthermore, even if a breach of statutory warranties alone constituted a CUTPA violation, Seiling has not made any factual allegations that Elk engaged in "immoral, unethical, oppressive or unscrupulous conduct" as required by the "cigarette rule" set forth inJacobs v. Healy Ford-Subaru, Inc., 231 Conn. 707
(1995). Elk further argues that Seiling failed to provide evidence of the existence of a general business practice to satisfy the terms of CUTPA.
— II —
Seiling claims that allegations of a breach of warranty are sufficient to support a CUTPA cause of action relying primarily on Krawiec v. Blake Manor Development Corp., 26 Conn. App. 601. That decision is inapposite to the present case, because the court based its holding on the legislative mandate found in the Home Improvement Act, which provides that certain violations of the Home Improvement Act are automatic violations of CUTPA. See General Statutes § 20-427 (c). The court did not address the issue of whether a breach of warranty absent a legislative mandate could support a CUTPA claim.
The other cases cited by Seiling also provide little support for her proposition. Notably, Web Press Services Corp. v.New London Motors, Inc., 203 Conn. 342 (1987), is inconclusive on the issue of whether a breach of warranty may support a claim of a CUTPA violation. The court stated, "we are unable to determine whether, in evaluating the CUTPA claim, the CT Page 9585 court applied the warranty standard of the code, the common law standard of misrepresentation or the broad CUTPA standard." Id. The court remanded the case so the trial court could articulate "the legal standard it employed in determining that plaintiff had not established a violation of CUTPA and the factual grounds upon which it relied to reach its conclusions." Id. In Bosco v.Arrowhead by the Lake, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 105062 (July 21, 1994, West, J.) the court sustained the CUTPA cause of action based on breach of express and implied warranties under General Statutes §47-275 because the court explicitly found that the defendant "attempted to mislead and deceive the plaintiffs".
The majority of Superior Court decisions hold that breach of warranty allegations generally will not support a CUTPA cause of action. See Agento v. Patient Aide Center, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 118943 (August 12, 1993, Rush, J.,8 CSCR 916) (holding, "[t]he claims asserted by the plaintiff simply allege straightforward claims of negligence and breach of warranty which are not sufficient to raise a claim of conduct sufficient to establish a CUTPA violation"). In Flagg EnergyDevelopment v. General Motors Corp., Superior Court, judicial district of New Haven at Meriden, Docket No. 242198 (October 1, 1993, Dorsey, STR, 8 CSCR 1168) the plaintiff's CUTPA claim incorporated by reference the allegations contained in count five discussing breach of the "repair or replace" warranty was stricken, the court recognizing that the CUTPA claim was merely a "recasting" of the breach of warranty claim raised in count five. The court explained, "[i]f plaintiff alleged a misrepresentation or CUTPA violation that amounted tosomething other than a claim of breach of warranty, the argument that the tort and CUTPA claims should stand in order to protect public interest would be stronger. Here, however, all of the wrongs alleged contributed to plaintiff's loss of the benefit of its bargain. In such a situation, the UCC provides a fullyadequate remedy." Id. See also Jacobs v. HealyFord-Suburu, Inc., supra, 231 Conn. 727 (stating that there is no automatic violation of CUTPA under the UCC).
A showing of aggravated circumstances in addition to a breach of warranty, however, may support a claim for a CUTPA violation. "A simple breach of contract, even if intentional, does not amount to a violation of [CUTPA], a claimant must showsubstantial aggravating circumstances attending the CT Page 9586 breach to recover under the Act." Berlingo v. Griffith Ford,Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 146728 (February 28, 1996, Ryan, J.). These aggravated circumstances must demonstrate that the defendant's conduct was somehow "immoral, unethical, unscrupulous, or offensive to public policy." Id.
In the present case, Seiling does not allege any additional aggravating circumstances by which to show that Elk's conduct was "immoral, unethical, unscrupulous, or offensive to public policy." and accordingly, the breach of warranty theory is insufficient to sustain a CUTPA claim.
— III —
Seiling claims nevertheless that her allegations of Elk's breach, creation of a dangerous situation, notice and failure to remedy the situation sufficiently support a CUTPA cause of action, relying on several decisions including Levesque v.Williamsburg Associates, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 526235 (February 17, 1995, Sheldon, J.). That decision which upheld a CUTPA claim based on a defendant landlord's violation of General Statutes § 47a-7 (3) and his violation of public policy by collecting rent from tenants despite maintaining the leased premises so poorly as to be uninhabitable, is simply inapposite.
In Ortiz v. Donmar Development Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 347957 (December 23, 1994, Zoarski, J.), the court concluded that allegations that the defendant had not complied with its own proposed subdivision plan approved by the Town that a hazardous condition resulted from the defendant's action; namely that "large rocks and boulders began to fall from the rear of [plaintiffs' property] striking their house . . ." and that the defendant has refused the plaintiffs' demand that it correct the hazardous condition could, if proven, rise to the level of unethical or unscrupulous conduct encompassed under CUTPA."
In the present case, Seiling alleges that "[d]uring the summer of 1995, the shingles began breaking apart, falling from, and leaving large gaps in, the roof on plaintiff's residence. Shingles continue to fall from the roof, to the plaintiff's damage and to the danger of others. The roof began to leak, causing damage to the interior walls, beams, and furnishings. The CT Page 9587 roof continues to leak to the present." Even under the reasoning of Ortiz these allegations of falling shingles do not paint a sufficiently hazardous situation to invoke CUTPA.
Motion to Strike Fifth Count as well as claims for punitive damages and attorney's fees is granted.
Jerry Wagner Trial Judge Referee